### PARSONS et al. v. CURRAN et al.

(Supreme Court, Appellate Division, Second Department.    March 1, 1912.)

1. MECHANICS' LIENS (§ 195*)—ASSIGNMENT—PRIORITIES.

The assignment of a mechanic's lien by a contractor to a creditor in payment of a bona fide indebtedness is valid against subcontractors filing mechanics' liens against the same premises after the making and filing of the assignment.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. § 336; Dec. Dig. § 195.*]

2. MECHANICS' LIENS (§ 189*)—RIGHTS OF LIENOR.

A mechanic's lienor acquired no greater equities than those acquired by any general creditor of his debtor.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 328–331; Dec. Dig. § 189.*]

Appeal from Trial Term, Westchester County.

Action by Eugene A. Parsons and others against Hugh G. Curran and others. From a judgment adjudging that plaintiff New Rochelle Coal & Lumber Company had a claim prior to their lien upon certain property, defendants Patrick Bartnett and another appeal. Affirmed.

Argued before JENKS, P. J., and HIRSCHBERG, THOMAS, CARR, and RICH, JJ.

Edw. W. Davidson, for appellants.

J. Addison Young, for respondents.

HIRSCHBERG, J.  [1, 2]  This appeal presents the question for determination whether the assignment of a mechanic's lien by a contractor to a creditor for a valuable consideration, viz., in payment of a bona fide indebtedness, is valid against subcontractors filing mechanics' liens against the same premises after the making and filing of the said assignment. The facts are not in dispute. On August 28, 1908, the plaintiffs, the members of the firm of Parsons & Kelly, duly filed a notice of mechanic's lien against the premises in question. On September 1, 1908, by an instrument in writing under seal, they assigned said lien to the plaintiff New Rochelle Coal & Lumber Company in payment of an indebtedness of $1,760 for materials used upon the premises in question and in payment of an indebtedness of $1,456.65 for materials used on other premises. This assignment was filed in the office of the clerk of the county of Westchester on the 14th day of September, 1908. On the 7th day of July, 1909, the appellants, the members of the firm of Bartnett Bros., filed a notice of mechanic's lien against the premises in question. From so much of the judgment herein as determines that the said assignment to the New Rochelle

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes.

Coal & Lumber Company has priority over their lien, the defendants Bartnett Bros. appeal.

The learned counsel for the appellants asks for a reversal on the authority of the cases of John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619, and Crane Co. v. Pneumatic Signal Co., 94 App. Div. 53, 87 N. Y. Supp. 917, affirmed on opinion below 182 N. Y. 545, 75 N. E. 1128. The Kane Case was an action to determine the question of priority between a general assignee for the benefit of creditors of a contractor, on the one hand, and certain mechanic's lienors, on the other. There, the plaintiff's lien was filed a few minutes before the filing of the general assignment; but the court assumed for all the purposes of the case that the assignment was prior in point of time, and held that the subsequent lienors acquired a prior right to the fund in question. The learned judge who wrote for the court was careful to state that the case did not present an instance where the assignment had been made upon a valuable consideration. He said (174 N. Y. 75, 66 N. E. 620):

"We are not now dealing with a case where the fund has been assigned for a valuable consideration, or with a case where a vigilant creditor has secured in some way a specific lien upon the fund prior to the time of filing the plaintiff's notice of lien. We are dealing with a case of an assignee for the benefit of creditors who stands in the place of his assignor, with no other or greater rights, and who takes the property subject to every equity and claim that might have been asserted by third parties; and it seems to me that upon principle and authority it should be held that the assignee's title to the fund in question was subject to liens filed by laborers, mechanics, materialmen, or subcontractors subsequent to the assignment but within the 90 days prescribed by statute."

In the Crane Case, supra, the struggle for priority was between a trustee in voluntary bankruptcy proceedings and mechanics' lienors who had filed their notices of liens subsequent to the trustee's designation. The court applied the doctrine of the Kane Case, supra, and held that no material distinction existed for the purpose of the question involved between the rights of a general assignee for the benefit of creditors and the trustee for the estate of a voluntary bankrupt.

We do not think that these cases are decisive of the question herein presented. Here the fund has been assigned for a valuable consideration to an individual creditor who filed the assignment nearly 10 months before the filing of the appellants' notice of lien. This case would seem to come within the cases stated by Judge O'Brien not to have been dealt with by the Court of Appeals in the Kane Case. It has long been the rule that a mechanic's lienor acquired no greater equities than those acquired by any general creditor of his debtor. Payne v. Wilson, 74 N. Y. 348; Lauer v. Dunn, 115 N. Y. 405, 22 N. E. 270; McCorkle v. Herrman, 117 N. Y. 297, 22 N. E. 948; Stevens v. Ogden, 130 N. Y. 182, 29 N. E. 229; Bates v. Salt Springs Nat. Bank, 157 N. Y. 322, 51 N. E. 1033. We do not think that the Court of Appeals, in the Kane and Crane Cases, intended to declare the rule established by the foregoing cases inapplicable to facts such as are presented by the case at bar. There is nothing in the facts of the Kane or Crane Cases necessitating the overthrow of the doctrine that an individual assignee for value of a general contractor has a prior claim to subsequent lien-

ors of the same fund. In Behrer v. McMillan, 114 App. Div. 450, 454, 100 N. Y. Supp. 35, affirmed 191 N. Y. 530, 84 N. E. 1108, the rule of the Kane Case was limited to the precise facts of that case. Until the Court of Appeals declares the principle of the Kane Case applicable to facts such as those presented in the case at bar, we should follow the rule established by the cases already cited regulating the reciprocal rights of assignees of general contractors and mechanics' lienors.

The judgment in so far as appealed from should therefore be affirmed. All concur.