(82 Misc. Rep. 243.)

### HILDRETH GRANITE CO. v. CITY OF WATERVLIET et al.

(Supreme Court, Special Term, Albany County.  September, 1913.)

BANKRUPTCY (§ 192*)—LIEN—ENFORCEMENT AGAINST TRUSTEE.

A lien for materials furnished to a contractor and used by him in the paving of a public street is not enforceable against the fund, under Bankr. Act July 1, 1898, c. 541, § 47a, subd. 2, 30 Stat. 557 (U. S. Comp. St. 1901, p. 3438), as amended by Act June 25, 1910, c. 412, § 8, 36 Stat. 840

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

(U. S. Comp. St. Supp. 1911, p. 1500), as against his trustee in bankruptcy, who was appointed prior to the filing of the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 294; Dec. Dig. § 192.*]

Action by the Hildreth Granite Company against the City of Watervliet and others. On motion to dismiss complaint. Granted.

Lester T. Hubbard, of Albany, for plaintiff.

Clark Cipperly, of Troy (Thomas S. Fagan, of counsel), for defendant Nolan.

John H. McMahon, of Watervliet (Thomas S. Fagan, of counsel), for defendant Claessens.

J. A. Cipperly, of Troy (Thomas S. Fagan, of counsel), for defendant United States Fidelity & Guaranty Company.

RUDD, J. The defendants move for the dismissal of the complaint.

The plaintiff seeks the foreclosure of a mechanic's lien. Notice of lien was filed January 13, 1913. The lien is for material furnished defendant Nolan, a contractor, and used by him in the pavement of a street in the city of Watervliet. Two days before the lien was filed the defendant Nolan was adjudged a bankrupt and defendant Claessens was appointed trustee. These facts are alleged in the complaint.

Upon the complaint the defendants move for a dismissal, upon the ground that the complaint does not set forth a cause of action, for the reason that, the trustee in bankruptcy having been appointed before the filing of the lien, such appointment destroys the preference which would otherwise attach under the lien. The United States Bankruptcy Law (section 47, cl. 2, subd. "a") reads as follows:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

This provision of the Bankruptcy Law is an amendment which became effective June 25, 1910. Prior to this amendment it is admitted by the parties hereto that the courts had held, and that it was the law, that a trustee in bankruptcy did not acquire priority over one furnishing material who had a right under the law to file a mechanic's lien, holding in effect that the trustee had no greater right than the bankrupt and that the trustee stood in the place of the bankrupt, so far as rights and equities of creditors were concerned. One of the cases holding to this effect was York Mfg. Co. v. Cassell, 201 U. S. 344–352, 26 Sup. Ct. 481, 50 L. Ed. 782. In the amendment, however, which is above quoted, the law is different, and decisions of the court have been made in accordance with the law as amended.

It seems, too, that the amendment was enacted for the purpose of

changing the statute law, so as to modify the law as set forth in the York Manufacturing Co. Case. The court has well said:

"In the disposition of property among creditors, equality is equity. It was the genius and purpose of the statute to secure this result as far as possible from the moment its aid was invoked, whether by debtor or creditor."

The writers upon the Bankruptcy Law seem to agree upon the effect of the amendment of 1910 that it was intended to change the law as laid down by the courts, and that it was intended to overcome the decision of the court in the York Manufacturing Co. Case. While it is true that prior to the filing of the lien the materialman had an inchoate right of lien, it was not effective and did not become a lien until the filing of the same, and the Bankruptcy Law gives effect to the state law only to the extent of making effective existing liens.

The court's attention is called to a decision (Matter of Interstate Paving Co., 197 Fed. 371) of the United States District Court in the Northern District of New York, made by Judge Ray in June, 1912, as one made subsequently to the amendment under discussion, and as authority for the contention of plaintiff here. Even in that case Judge Ray, referring to the matter of an assignment for the benefit of creditors, says:

"The title to these moneys passed to the assignee of the Interstate Paving Company as against all creditors who had no right to file a lien, and as against those who had such right, but failed to do so."

Upon the face of the complaint there does not seem to be set forth a cause of action. The lien cannot be enforced as against the trustee in bankruptcy.

The motion of the defendants to dismiss the complaint, with costs, is granted.

Motion granted.