(161 App. Div. 420)

HILDRETH GRANITE CO. v. CITY OF WATERVLIET et al.

(Supreme Court, Appellate Division, Third Department.    March 4, 1914.)

1. BANKRUPTCY (§ 192*)—RIGHT OF MATERIALMAN TO LIEN—TIME FOR FILING —BANKRUPTCY OF CONTRACTOR.

Bankruptcy Law (Act July 1, 1898, c. 541, 30 Stat. 557 [U. S. Comp. St. 1901, p. 3438]) § 47a, as amended in 1910 (Act June 25, 1910, c. 412, § 8, 36 Stat. 840 [U. S. Comp. St. Supp. 1911, p. 1500]), providing that as to all property coming into the custody of the bankruptcy court the trustee shall be vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings, and also, as to all property not in the custody of the bankruptcy court, shall be vested with all the rights, remedies, and powers of a judgment creditor holding an unsatisfied execution, would not make a materialman's lien on the money due on the contract for a street improvement ineffectual because the contractor was adjudicated a bankrupt before the filing of the lien.

[Ed. Note.—For other cases, see Bankruptcy, Cent. Dig. § 294; Dec. Dig. § 192.*]

2. MECHANICS' LIENS (§ 5*)—POLICY OF LAW.

The rights given by the Mechanic's Lien Law (Act Cong. Feb. 24, 1905, c. 778, 33 Stat. 811 [U. S. Comp. St. Supp. 1911, p. 1071]) have been jealously guarded by the courts.

[Ed. Note.—For other cases, see Mechanics' Liens, Cent. Dig. §§ 3, 5; Dec. Dig. § 5.*]

Kellogg and Howard, JJ., dissenting.

Appeal from Special Term, Albany County.

Action by the Hildreth Granite Company against the City of Watervliet and others. From an order dismissing the complaint (82 Misc. Rep. 243, 143 N. Y. Supp. 867), plaintiff appeals. Reversed, and new trial granted.

Argued before SMITH, P. J., and KELLOGG, LYON, HOWARD, and WOODWARD, JJ.

Lester T. Hubbard, of Albany, for appellant.

Thomas S. Fagan, of Troy, and William Wallace Young and Alexander, Watriss & Polk, all of New York City (Hugh M. Hewson, of New York City, of counsel, who hears as amici curiæ), for respondents.

SMITH, P. J. Michael M. Nolan rendered certain services and furnished certain materials under a contract with the city of Watervliet for paving, curbing, and improving certain streets, and on the 11th of January, 1912, was adjudged a bankrupt. Prior to the bankrupt-

cy the plaintiff under a contract with said Nolan furnished certain material which was used by him in performing said contract, and on the 13th day of January, 1912, and within 30 days from the completion of said contract, filed a mechanic's lien for the value of such material. This action was brought to foreclose that lien. Upon the trial the complaint was dismissed upon the ground that the plaintiff's lien was rendered ineffectual by the bankruptcy of the contractor, Nolan, adjudicated two days prior to the filing of the lien. This ruling presents the only question for our consideration.

In John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619, it was held that under an assignment for the benefit of creditors the assignee took the title of the assignor as it was at the time of the assignment, subject to the legal or equitable claims thereon, and that under the Lien Law the materialman had a preferential statutory right in the nature of an unperfected equitable lien, which could not be defeated by the act of the debtor, and when the notice was duly filed the assignment became subject to the lien. In York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, decided 1906, it was held that a vendor under a conditional contract of sale, which under the Ohio law was void as against creditors and purchasers in good faith because not filed, but good as between the parties thereto, could hold the property against a trustee in bankruptcy, as the latter was in no better position than the bankrupt at the time of adjudication.

It has been held that prior to the amendment of the Bankruptcy Law in 1910 the filing of the plaintiff's mechanic's lien subjected the moneys due under the contract to the plaintiff's claim superior to the claim of the trustee. Crane Co. v. Pneumatic Signal Co., 94 App. Div. 53, 87 N. Y. Supp. 917, affirmed 182 N. Y. 545, 75 N. E. 1128, on opinion below. The court below has held, however, that the amendment of the Bankruptcy Law in 1910 has changed the rule of law so as to make it impossible for the plaintiff to acquire any lien by filing of the notice of his lien after the adjudication in bankruptcy.

[1] Section 47a of the Bankruptcy Law prior to the amendment of 1910 defined the duties of the trustee, and required him to account for all moneys received, and to collect and reduce to money the property of the estate for which he was trustee under the direction of the court. In 1910 this was amended by adding thereto the following:

"And such trustees, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also, as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a judgment creditor holding an execution duly returned unsatisfied."

It appears from the discussions in Congress at the time of the passage of the amendment that the primary intention of the amendment was to do away with the effect of the decision in the case of York Mfg. Co. v. Cassell, supra. The trial court has held that the effect of the amendment, however, exceeded the primary intent and gives the trustee in bankruptcy a creditor's lien, which is superior to the merely equitable lien of the materialman, which was not perfected at the

time of the bankruptcy by the filing of his notice of his lien under the Mechanic's Lien Law.

I am unable to agree with the trial court or with Mr. Justice KELLOGG in this interpretation of the statute. As to moneys actually in the custody of the court, or coming into the custody of the court, the trustee in bankruptcy is vested with the rights of a lien creditor. The property therein intended seems to me to be the tangible property of the bankrupt which is delivered over to the trustee in bankruptcy at the time of the adjudication, and also property which comes into the hands of the trustee without litigation. A mere right to recover moneys due or to become due upon a building contract is not intended to be covered by the first provision of the amendment, but comes explicitly within the second provision of the amendment, covering property not in possession of the bankruptcy court, upon which the trustee has only such a claim as would have a creditor with execution returned unsatisfied. That claim does not amount to a lien, but only a right to proceed, and by the commencement of an action to establish an equitable lien. As to the moneys due or to become due upon this contract, therefore, the filing of the plaintiff's notice of lien made effective his equitable lien given him by the statute prior to the claim of the trustee in bankruptcy, who has begun no action to recover such moneys.

[2] It must be admitted that the language used in the amendment is unfortunate and is not perfectly clear. It should, if possible, receive such interpretation, however, as, in the case at bar, will preserve the substance of the rights given under the Mechanic's Lien Law, which have been jealously guarded by the decisions of all courts. The interpretation given by the court below would require a materialman, in order to protect his rights, to file a new lien immediately after each load of material furnished, lest the contractor might file a petition in bankruptcy and defeat his rights. The policy of the law is well indicated in the opinion of Judge O'Brien in the Kane Case, cited above:

"A certain time is allowed in which the lien may be asserted or lost. During that time there is a preferential statutory right in the nature of an unperfected equitable lien in favor of the laborer, mechanic, materialman, or subcontractor. And when a notice of lien is filed that right is perfected. But until the 90 days allowed by the statute within which the lien may be filed have elapsed, the right cannot be defeated by the voluntary act of the party against whom it might be asserted, such as a general assignment for the benefit of creditors. If such were the effect of the assignment, no laborer or materialman's claim would be secure, and the beneficial purpose of the statute could be defeated unless a lien was filed at the time the work was commenced and from day to day thereafter. This, however, being a remedial statute, must be construed liberally with a view to carry out its intent and for the accomplishment of every beneficial purpose contemplated."

I recommend, therefore, that the order be reversed, and a new trial granted, with costs to the appellant to abide the event.

Judgment and order reversed, and new trial granted, with costs to appellant to abide event. All concur, except KELLOGG, J., dissenting in opinion in which HOWARD, J., concurs.

JOHN M. KELLOGG, J. (dissenting). Michael M. Nolan rendered certain services and furnished certain material under a contract

with the city of Watervliet, for paving, curbing, and improving certain streets, and on the 11th day of January, 1912, was adjudged a bankrupt. Prior to the bankruptcy, the plaintiff, under a contract with said Nolan, furnished certain material which was used by him in performing said contract, and on the 13th day of January, 1912, and within 30 days from the completion of said contract, filed a mechanic's lien for the value of such material.

The only question for consideration is whether the plaintiff's lien filed three days after the adjudication in bankruptcy, takes precedence over the interest of the trustee in bankruptcy in the amount due upon the contract.

In John P. Kane Co. v. Kinney, 174 N. Y. 69, 66 N. E. 619, it was held that under an assignment for the benefit of creditors the assignee took the title of the assignor as it was at the assignment, subject to the legal or equitable claims thereon, and that under the Lien Law the materialman had a preferential statutory right in the nature of an unperfected equitable lien which could not be defeated by act of the debtor, and when the notice was duly filed the assignment became subject to the lien.

In York Mfg. Co. v. Cassell, 201 U. S. 344, 26 Sup. Ct. 481, 50 L. Ed. 782, decided in 1906, it was held that the vendor under a conditional contract of sale, which under the Ohio law was void as against creditors, and purchasers in good faith could hold the property against a trustee in bankruptcy, as the latter was in no better position than the bankrupt at the time of the adjudication. In the Kane Case the assignee, and in the York Case the trustee in bankruptcy, only acquired the rights which the assignor or bankrupt had at the time of the assignment or adjudication. Under those cases, and others to the same effect, it must be conceded that, prior to the amendment of the Bankrupt Law in 1910, a mechanic's lien, filed under the circumstances existing in this case, would be prior in rights to the claim of the trustee in bankruptcy.

In 1910 section 47a of the Bankruptcy Law, which defines the duties of the trustee in requiring him to account for all money received and to collect and reduce to money the property of the estate for which he is trustee, under the direction of the court, and to close up the estate as expeditiously as is compatible with the best interests of the parties in interest, was amended by adding thereto the following:

"And such trustee, as to all property in the custody or coming into the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies, and powers of a creditor holding a lien by legal or equitable proceedings thereon; and also as to all property not in the custody of the bankruptcy court, shall be deemed vested with all the rights, remedies and powers of a judgment creditor holding an execution duly returned unsatisfied."

The discussions in Congress at the time of the amendment show that the amendment was intended primarily to do away with the effect of the decision in the York Case, but it expressly gave the trustee all the rights of a creditor who had a lien by legal or equitable proceedings. The language cannot be warped from its fair meaning. The amendment changed the rule established by the cases cited, with the

result that the rights of the trustee in bankruptcy take precedence over the defendant's claim.

It is urged, however, that the bankrupt had a mere chose in action against the municipality and that the money sought to be reached by the plaintiff was not property in the custody or coming into the custody of the bankruptcy court. I think the plaintiff takes too narrow a view of the amendment. The words "all property in the custody, or coming into the custody of the bankrupt court" are not limited to the property which has been brought into the actual physical possession of the trustee. By the adjudication all the property of every name and nature representing a money value goes to the trustee, who is a mere officer or instrument of the court, and such property is in the custody of the court, at least so far as it is within the jurisdiction of the court and is not in the custody of some other court.

"An adjudication follows as matter of course, and brings the bankrupt's property into the custody of the court for distribution among all his creditors." Hanover National Bank v. Moyses, 186 U. S. 181, 191, 22 Sup. Ct. 857, 861 (46 L. Ed. 1113).

As to property in foreign countries, title does not pass by the adjudication, but the bankrupt court, by putting pressure upon the bankrupt, compels him to convey title. Booth v. Clark, 58 U. S. (17 How.) 322, 15 L. Ed. 164; Clark v. Clark, 58 U. S. 315, 15 L. Ed. 77.

It is unnecessary to consider whether the same rule would apply to property outside of the jurisdiction of the court or to property which at the time of the adjudication may be in the custody of another court. Such cases, and perhaps others, may be covered by the second paragraph of the amendment when it speaks of property not in the custody of the court. I think the claim to the moneys due from the municipality was property in the custody of the court before the mechanics' lien was filed, and that therefore at that time the trustee had all the rights in the property of a creditor holding a lien by legal or equitable proceedings. His claim was therefore superior to the plaintiff's. The order and judgment should therefore be affirmed, with costs.