FRANCIS HERBERT MILLER, Respondent, v. WALTER T. FITZPATRICK and DOUGALD MACARTHUR, Doing Business under the Firm Name of FITZPATRICK AND MACARTHUR and Others, Respondents. THE STATE OF NEW YORK and Others, Appellants.— On the appeal of the State of New York, judgment affirmed, without costs. We are of opinion that the changes in the Lien Law,■ made after this action was at issue, did not expressly nor impliedly withdraw the State's consent to be sued as the law then stood (*Anderson* v. *Hayes Const. Co.*, 243 N. Y. 140.) The State makes no contention that the contractors could not have enforced their claim for damages for breach of contract had there been no change in the Lien Law. We also approve the finding that, as between the State and the contractors, Fitzpatrick and MacArthur, the breach was committed by the State, and that said contractors had the right to recover for the work performed and materials furnished up to that time. On the appeal of the appellant Cronin Brothers Company, Inc., the judgment is modified so as to provide for the pay-

ment of its lien out of the fund which the judgment directs to be paid by the State to the contractors, Fitzpatrick and MacArthur, and as so modified, the judgment is affirmed, without costs. Cronin Brothers Company, Inc., did not commence the action. It was made a defendant because it had filed a lien. Although it was a foreign corporation and had failed to obtain the requisite certificate to do business in this State, it could file a mechanic's lien (*New York Terra Cotta Co.* v. *Williams,* 102 App. Div. 1; affd., 184 N. Y. 579), and as a defendant it was enabled to have the validity of its lien established and enforced. We so held in *Warren Trading Corporation* v. *Kraglan Building Corp.* (220 App. Div. 3). On the appeal of the Maryland Casualty Company, judgment affirmed, without costs. The position of the casualty company, as evidenced by its requested findings, is that the State breached its contract with Fitzpatrick and MacArthur and is liable to said contractors in damages therefor and that the payment of its expenditures entailed in the completion of the work should be paid out of the judgment awarded to Fitzpatrick and MacArthur. No direct satisfaction of its claim is sought by the Maryland Casualty Company against the State. The contractors' bond obligated the casualty company to complete the work " if for any cause, said Principal fails or neglects to so fully perform and complete said work." This presupposes a fault attributable to the contractors which the judgment in their favor does not import. The application for the bond upon which the casualty company relies as a modification of the language of the bond provides for a reimbursement for moneys which the casualty company became liable to pay " by reason of the execution " of the bond. This, in our opinion, does not fix the contractors' liability to the casualty company as a guaranty but bases their liability upon a failure to perform, attributable to their dereliction. Lazansky, P. J., Kapper, Hagarty, Seeger and Carswell, JJ., concur, except that Lazansky, P. J., and Seeger, J., dissent as to the appeal of the Maryland Casualty Company and vote for reversal of the judgment as to it and for judgment in its favor as set forth in its proposed findings. Settle order on notice.