THE DICK SAND COMPANY, Plaintiff, *v.* THE STATE OF NEW YORK and Others, Defendants.

Supreme Court, Onondaga County, July 16, 1930.

ACTION for foreclosure of liens upon public improvement.

*Melvin & Melvin* [*Jerome K. Cheney* of counsel], for the plaintiff and the defendants Clarence P. Falk and Niagara, Lockport and Ontario Power Company.

*Hamilton Ward, Attorney-General,* for the defendant State of New York.

*Harold M. Weisenberg,* for the defendant City Bank Trust Company.

*James S. Flanagan,* for the defendant Clarke-Conroy Company.

*Ernest F. Kruse,* for the defendant J. P. Drummer Corporation.

*Myron M. Ludlow, Jr.,* for the defendant Fred A. Kraft.

*Lionel O. Grossman,* for the defendant Thelen Iron Works, Inc.

*T. Frank Dolan,* for the defendant John J. Hand.

*Fred W. Seitz,* for the defendant Springville Sand & Gravel Co., Inc.

*Warren H. Pigors,* for the defendant Eddy Valve Company.

*Rann, Vaughn, Brown & Sturdevant,* for the defendant Riefler Bros.

EDMUND H. LEWIS, J. By this action the plaintiff seeks to foreclose its lien for materials furnished in the construction of a filtration plant and appurtenances at Gowanda State Hospital at Collins, N. Y. The general contractor, the bankrupt defendant Shepard Construction Company, having defaulted upon the contract, the State elected to complete the work, which was accomplished with a resulting balance of $10,275.97 available for distribution to those lienors and assignees adjudged to be legally entitled thereto.

The defendant City Bank Trust Company is an assignee of moneys due the general contractor. The other defendants are lienors who claim to have filed liens according to law against the public improvement involved herein.

An adjudication in this action requires the determination of questions of law raised by various parties to the action for the purpose of protecting their respective rights and interests in the fund to be distributed. I shall consider these questions separately.

1. *Was the plaintiff, a foreign corporation, doing business in this State? If so, in the absence of proof of filing a certificate of authority as required by section 218 of General Corporation Law of 1929, can it be awarded relief in this action?*

It is asserted by one defendant that under the proof herein it appears the plaintiff, The Dick Sand Company, is a foreign corporation; that in this instance it was doing business in the State

of New York; that there is no proof that it has filed a certificate of authority to do business in this State as required by section 218 of the General Corporation Law of 1929, and accordingly it is not entitled to the relief to be afforded by this court.

This question is resolved (a) by the record proof that " all the materials furnished and upon which this lien [plaintiff's] is based were shipped to the contractor F. O. B. the plant at Franklin, Pa." Upon the foregoing verified statement it cannot be reasonably asserted as a matter of law that plaintiff was doing business in this State. (*Angldile Computing Scale Co.* v. *Gladstone*, 164 App. Div. 370.) (b) Upon this question the rule may also be noted that " although it [lienor] was a foreign corporation and had failed to obtain the required certificate to do business in this State, it could file a mechanic's lien (*New York Terra-Cotta Co.* v. *Williams*, 102 App. Div. 1; affd., 184 N. Y. 579) and as a defendant it was enabled to have the validity of its lien established and enforced. We so held in *Warren Trading Corp.* v. *Kraglan Bldg. Corp.*, 220 App. Div. 3." (*Miller* v. *Fitzpatrick*, 227 App. Div. 745, 746.)

2. *Are lienors, who failed to extend their liens, relieved from that statutory requirement by the intervention of an adjudication of bankruptcy against the general contractor?*

A lien filed against a public improvement lapses three months after filing notice thereof unless in the meantime an action to foreclose it has been started or the lien is continued by court order. (Lien Law, §§ 18, 21.)*

In the cases of the defendants J. P. Drummer Corporation, Fred A. Kraft and Niagara, Lockport and Ontario Power Company no order continuing their liens was ever filed and no actions were commenced within the three months' period to enforce their liens. It is claimed, however, that the intervening adjudication in bankruptcy of the general contractor by the Federal court obviated the necessity of following the statutory requirement. I do not find law in support of such a claim. Decisions seem to point to the contrary. (*Gates & Co.* v. *Stevens Construction Co.*, 169 App. Div. 221; affd., with opinion, 220 N. Y. 38; *Hildreth Granite Co.* v. *City of Watervliet*, 161 App. Div. 420; *New York-Brooklyn Fuel Corporation* v. *Fuller*, 11 Fed. [2d] 802; *Matter of Lukas*, 24 id. 254; *Matter of Cramond*, 145 Fed. 966, 978.)

3. *Is validity given to a lien which is continued by a court order six days after the expiration of the first three months' period where there are no intervening rights affected?*

The record shows that the lien of defendant Thelen Iron Works,

---

*Lien Law, § 18, was amended by Laws of 1928, chap. 236; § 21 by Laws of 1914, chap. 266, and Laws of 1916, chap. 507.— [Rep.

Inc., was originally filed April 24, 1928. No action was commenced to foreclose it nor was it continued by court order. The lien, therefore, lapsed on July 24, 1928. (Lien Law, § 18, as amd. by Laws of 1928, chap. 236.) It is claimed by the lienor that a court order which was made on July 23, 1928, and filed on July 30, 1928, six days after the expiration date of the original lien, legally continued its effectiveness.

There were no liens filed within six days' period between July 24 and 30, 1928. " There were no intervening rights or claims of right." (*Manton* v. *Brooklyn & Flatbush Realty Co.*, 217 N. Y. 284, 288.) The lien as continued is, therefore, held valid. (*Italian Mosaic & Marble Co., Inc.*, v. *City of Niagara Falls*, 131 Misc. 281, 286.)

4. *Are the respective rights and interests of the parties to this action to be governed by the rule of priority or of parity?*

At the time the original liens and assignment were filed by the parties to this action, section 25 of the Lien Law (as amd. by Laws of 1916, chap. 507), which had been effective since 1916, was still in force. It provided in part as follows:

" § 25. Priority of liens for public improvements. Persons having liens under contracts for public improvements shall have priority according to the date of filing their respective liens, except as in this article hereinafter provided, but in all cases laborers for daily or weekly wages shall have preference over all other lienors having liens arising under the same contracts pursuant to this article, without reference to the time when such laborers shall have filed their notice of lien. * * * "

Under the foregoing statute lienors and assignees would participate in the fund available for distribution, according to the rule of priority, depending upon the date when the liens or assignments were filed.

The Lien Law was amended by chapter 515 of the Laws of 1929 (effective October 1, 1929), whereby the provisions of section 25 thereafter read in part as follows:

" § 25. Parity of liens for public improvements. Persons having liens under contracts for public improvements shall have no priority by reason of the time of filing their respective liens, but all liens of the same class shall be on a parity, and in all cases laborers for daily or weekly wages shall have preference over all other lienors having liens arising under the same contracts pursuant to this article. * * * "

I have reached the conclusion that the liens and assignment in this action have priority according to the date of filing thereof as provided by the provisions of the Lien Law effective on the date

of such filing. In support of this conclusion attention is called to section 4 of chapter 515 of the Laws of 1929 (by which the Lien Law was amended), which provided as follows: " Nothing herein contained shall in any wise affect any action or proceeding now pending in any court of this state."

This action was commenced on October 12, 1928, nearly a year before the amendment of 1929 became effective. The amendment involved substantial rights of lienors, not merely a question of procedure, and accordingly is presumptively applicable *in futuro* only. (*Jacobus* v. *Colgate*, 217 N. Y. 235; *Sweeney* v. *State of New York*, 225 App. Div. 606.)

It follows that the rule of priority prescribed by the Lien Law before its amendment in 1929 must prevail here.

5. *Is the assignment of the defendant City Bank Trust Company on a parity with the lienors as to the remedies available under the Lien Law?*

It is claimed by certain lienors that the basic purpose of the Lien Law was to protect the rights and interests of laborers and materialmen and, accordingly, a general contractor should not be permitted by the assignment of moneys due on the contract to thereby withdraw funds beyond the reach of those to whom the statute was designed to give protection.

There is much to be said in support of that argument, especially in those cases where there is no proof that the proceeds of the loan, for which the assignment is made as collateral, went into the particular work against which the liens for labor performed and material furnished have been filed. However, we are faced with a statute, not a theory, and must be governed accordingly.

By section 16 of the Lien Law of 1929 the Legislature has clearly recognized the right of a contractor to assign money due, or to become due, to him from a public improvement, provided the assignee observes strictly the statutory procedure for filing the same. The courts of this State have held that such an assignment takes precedence over liens subsequently filed. (*Anderson* v. *Hayes Co.*, 243 N. Y. 140, 147; *Giant Portland Cement Co.* v. *State of New York*, 232 id. 395, 410; *Riverside Contracting Co.* v. *City of New York*, 218 id. 596.)

In this case, as I view it, we are particularly concerned with that part of section 25 of the Lien Law (prior to amendment of 1929) which provides in part as follows: " * * * All liens shall have priority over advances made after the filing thereof, upon any assignment of the moneys, or any part thereof, due or to become due under such contract, or upon any order drawn by the contractor for the payment of such moneys, or any part thereof; but this

provision shall not relate to advances made under an assignment to one or more persons or a corporation as trustee or trustees to which approval has been given as provided in section twenty-seven of this chapter."

Upon the record before me it is not disputed that the City Bank Trust Company properly filed the assignment which had been executed in its favor by the general contractor. The date of that filing antedated the filing of any lien. Accordingly, in the absence of proof that all or part of the principal sum which the defendant bank seeks to recover was advanced after the filing of the liens, it must follow that it is entitled, as assignee, to participate first in the fund available for distribution.

The case comes to this court upon a stipulation of facts from which it appears " the amount of the claim of the City Bank Trust Company, assignee, is $823.72 principal and $703.18 accrued interest on various balances, making a total of $1,526.90." By the use of the term " balances " it is fair to presume the assignee must have made advances at various times under the assignment. If the entire principal of the assignee's claim was advanced before any lien was filed it would not alter the situation. If, however, the principal amount due under the assignment or any part thereof was advanced after the filing of any of the liens, the provisions of section 25 of the Lien Law of 1909 (as amd. by Laws of 1916, chap. 507) last quoted above would then be effective. As there is no proof before the court upon this phase of the case, it must be presumed the entire principal of the claim of the City Bank Trust Company as assignee was advanced before any lien was filed, and accordingly is first entitled to participate in the fund to be distributed hereunder.

Findings may be submitted on or before July 23, 1930, in accord with this opinion and the stipulated facts on file with the court. Decreed accordingly.