### In re WILLAX.

### Ex parte HAROLD H. SMITH, Inc., et al.

### No. 145.

Circuit Court of Appeals, Second Circuit.

Dec. 6, 1937.

Watts, Oakes & Bright, of Middletown, N. Y. (Charles C. Redfield, of Middletown, N. Y., of counsel), for appellants.

David M. Berger, of New York City, for bankrupt-appellee Maud E. Willax.

Before L. HAND, SWAN, and AUGUSTUS N. HAND, Circuit Judges.

AUGUSTUS N. HAND, Circuit Judge.

The appellants Harold H. Smith, Inc., and Ralph Y. Matthews filed mechanics' liens against premises belonging to Maud E. Willax for work upon a building that was being erected thereon. On February 13, 1936, the said Willax filed a petition for a composition or extension of time under section 74 of the Bankruptcy Act, as amended (11 U.S.C.A. § 202). On March 30, 1936, the above lienors filed claims in that proceeding as secured lien creditors in the amounts of $1,073.69 and $351.33, respectively. On March 4, 1937, the proceedings under section 74, as amended, were dismissed, and the debtor therein was adjudicated a bankrupt. Subsequently all of the real and personal property belonging to the bankrupt estate was sold by the referee free and clear of liens which, if valid, were to attach to the proceeds. The referee held that the above liens were lost because: (1) The claimants failed to commence actions to foreclose or (2) to obtain from a court an order continuing the same, and (3) were not made defendants in an action to foreclose another lien within one year after the original notices of lien had been filed. Some one of the above three requisites was held to be necessary in order to continue a mechanic's lien for a period longer than one year after the original date of filing. Section 17 of the New York Lien Law (Consol.Laws N.Y. c. 33) provides for the duration of mechanics' liens, and section 19 (2) provides that such liens shall be discharged if one of the three steps held necessary in the present case to continue it is not taken.

Upon a petition to review, Judge Leibell affirmed the decision of the referee, which had held that appellants did not have valid secured claims and had allowed them only general claims against the estate. From the order denying the petition to review and affirming the referee, the claimants have taken the present appeal.

Subdivision (n) of section 74 of the Bankruptcy Act (11 U.S.C.A. § 202(n)) provides that the court "may enjoin secured creditors who may be affected by the extension proposal from proceeding in any court for the enforcement of their claims until the extension has been confirmed or denied by the court." But, while the bankruptcy court had jurisdiction over the property covered by the liens in question, and both under section 74(n), 11 U.S.C.A. § 202(n), and under section 11 of the Bankruptcy Act (11 U.S.C.A. § 29) could stay enforcement of the liens in any other court, Van Huffel v. Harkelrode, 284 U.S. 225, 52 S.Ct. 115, 76

L.Ed. 256, 78 A.L.R. 453; Santos v. Moreda, 71 F.2d 608 (C.C.A.1), there is nothing in the statute that enables the bankruptcy court to recognize a lien which the lienor has failed to continue in the way prescribed by the state law. Mechanics' liens are creatures of the law of the state where the real property is situated—in the present case New York—and that law governs the method whereby they may be continued as well as the mode of their creation. The bankruptcy court never enjoined proceedings to continue the liens in question, nor do we find any power given it to make an order to that effect. Its power under subdivision (n), § 74 (11 U.S.C.A. § 202(n), is limited to enjoining "enforcement" of the liens. It has frequently been held that an adjudication in bankruptcy does not prevent a claimant from perfecting a lien as distinguished from enforcing it. In re Weston, 68 F.2d 913, 98 A.L.R. 319 (C.C.A.2); New York-Brooklyn Fuel Corporation v. Fuller, 11 F. 2d 802 (C.C.A.2); In re Emslie, 102 F. 291 (C.C.A.2); In re Kerby-Dennis Co., 95 F. 116 (C.C.A.7); Gates & Co. v. Stevens Construction Co., 220 N.Y. 38, 115 N.E. 22; John P. Kane Co. v. Kinney, 174 N.Y. 69, 66 N.E. 619; Hildreth Granite Co. v. City of Watervliet, 161 App.Div. 420, 146 N.Y.S. 449; Crane Co. v. Pneumatic Signal Co., 94 App.Div. 53, 87 N.Y.S. 917, affirmed Crane Co. v. Smythe, 182 N.Y. 545, 75 N.E. 1128; Dick Sand Co. v. State, 137 Misc. 622, 244 N.Y.S. 312.

The letter of February 13, 1936, by the attorney of Maud E. Willax to the claimants' attorneys in which he said: "You, of course, appreciate that all persons are stayed from proceeding against the Debtor or her property," was doubtless only directed at suits to foreclose. But, if it was intended to go further and warn the claimants against continuations of their liens, there was no order of the bankruptcy court or rule of law which prevented them from applying for a continuation. It almost goes without saying that the filing of the proofs of debt with statements that they were secured by mechanics' liens was not equivalent to the beginning of actions to foreclose which would continue the liens under section 17 of the New York Lien Law. The proofs involved no attempt by the claimants to realize upon their security.

Because the liens were not continued in any of the ways prescribed by the state law, they had lost all efficacy before the land against which they were filed was sold by the bankruptcy court. Consequently no liens were transferred or transferable to the proceeds of sale and the claimants are not entitled to any priority in the distribution of assets.

Order affirmed.