HARTFORD ACCIDENT AND INDEMNITY COMPANY, Appellant, v. FIRST NATIONAL BANK & TRUST COMPANY OF PATERSON, NEW JERSEY, Defendant, and THE PEOPLE OF THE STATE OF NEW YORK, Respondent.

First Department, May 12, 1953.

*Andrew Eckel* for appellant.

*John F. Hmiel* of counsel (*Thomas Burke* with him on the brief; *Wendell P. Brown, Solicitor-General, Nathaniel L. Goldstein, Attorney-General,* attorney), for respondent.

*Per Curiam.* The plaintiff was surety on a payment bond required under a contract for a public improvement (see State Finance Law, § 137), and paid the claims of lienors for labor and material pursuant to the obligations of its bond. It brings this action to recover the unexpended balance of the contract in the hands of the State after completion of the work following the contractor's default. The complaint alleges two causes of action (1) to foreclose the mechanics' liens assigned to the plaintiff by the lienors, and (2) to recover the fund upon the ground that the plaintiff as surety upon the payment bond posted under the contract is subrogated to the rights of the State and entitled to an equitable lien on the fund by reason of performing the condition of its bond.

The Supreme Court has jurisdiction to determine whether there is any sum in the hands of the State chargeable with liens in favor of those who have furnished labor and material on a public improvement (see Lien Law, §§ 5, 42; *Anderson* v. *Hayes Constr. Co.,* 243 N. Y. 140, and *Miller* v. *Fitzpatrick,* 227 App. Div. 745).

Here the contractor abandoned the work just prior to completion, and the State thereupon declared his contract forfeited. It had retained a percentage of the moneys previously earned by the contractor, and out of this paid for completion of the work. An unexpended balance of the retained percentage remains.

The State conceded that it held such a balance and up to this time has not asserted any claim of damages by reason of the contractor's failure to complete. It stands on the ground that as the contract and any security thereunder was forfeited, there is no fund to which a lien could attach. We think that this would depend on whether the State has suffered any harm resulting in damage due to the contractor's default. It would seem contrary to public policy, as expressed in the Lien Law, to construe the contract so as to work a strict forfeiture of retained percentages for the purpose of depriving lienors of possible satisfaction.

If there has been damage, the State should assert it by way of answer.

The order insofar as it grants defendant's cross motion for summary judgment and the judgment entered thereon should be reversed, with leave to the State, if it be so advised, to amend its answer to set up any damages claimed to have been sustained by the contractor's default and chargeable against the fund.

PECK, P. J., GLENNON, COHN, CALLAHAN and BERGAN, JJ., concur.

Order, insofar as it grants defendant's cross motion for summary judgment and the judgment entered thereon, unanimously reversed, with leave to the State, if it be so advised, to amend its answer to set up any damages claimed to have been sustained by the contractor's default and chargeable against the fund. Settle order on notice. [See 282 App. Div. 836.]