Donald L. Elliott, Individually and Doing Business under the Name of Don Elliott's Fuel Service, Plaintiff, *v.* L. G. De Felice & Son, Incorporated, et al., Defendants.

Supreme Court, Special Term, Onondaga County, September 9, 1955.

*Jacob K. Javits, Attorney-General (John F. Hmiel* of counsel), for the People of the State of New York, defendant.

*Howard B. Helf* for plaintiff.

GORMAN, J. The present motion made by the State of New York to dismiss the complaint is bottomed upon the assertion that this court has no jurisdiction since the State has not consented to be sued here.

The action is to foreclose a mechanic's lien for materials furnished to a subcontractor in the building of the New York State Thruway. There is no serious factual dispute. It appears that the lien was filed with the State Comptroller and with the director of finance and accounts of the Thruway Authority, and that the State Comptroller possesses sufficient funds of the defendant contractor to dispose of the lien. (Lien Law, § 21, subd. 4.)

The State has waived its immunity in this type of action by the provisions of section 42 and subdivision 6 of section 44 of the Lien Law. (*Anderson* v. *Hayes Constr. Co.,* 243 N. Y. 140.) These sections are general in scope. (*United States* v. *Yellow Cab Co.,* 340 U. S. 543, 554.) Whether the provisions of the New York State Thruway Authority Act (L. 1950, ch. 143, as amd.) have created an independent corporate agency with delegated governmental functions connoting a jurisdictional separation of the Authority from the State is immaterial here. The Authority, by separate motion, has consented to be a party. " The Supreme Court has jurisdiction to determine whether there is any sum in the hands of the State chargeable with liens in favor of those who have furnished labor and material on a public improvement ". (*Hartford Acc. & Ind. Co.* v. *First Nat. Bank & Trust Co. of Paterson, N. J.,* 281 App. Div. 607, 608, appeal dismissed 307 N. Y. 634.)

The motion is denied.

Submit order.