(93 South. 845)

COBB. Secretary of State, v. CENTRAL OF GEORGIA RY. CO. (3 Div. 579.)

(Supreme Court of Alabama. June 15, 1922. Rehearing Denied June 30, 1922.)

Railroads ⬰158 — Place for recordation of contract of conditional sale of railroad rolling stock determined.

Code 1907, § 3393, provides that contracts for conditional sale of railroad rolling stock must be recorded in the office of the judge of probate of the county in which the vendee or lessee corporation has its principal office or place of business, and if it has none in the state, then in the office of the secretary of state. A foreign railroad had its principal place of business in another state, but had specified as its principal place of business in this state the city of Montgomery, under the requirements of sections 3642–3658 relating to foreign corporations. Held, that the proper place for recording contracts of conditional sale of rolling stock was in the office of the judge of probate of Montgomery county, and not in the office of the secretary of state, in view, generally, of sections 3383–3395, relating to record of conveyances and loans.

Appeal from Circuit Court, Montgomery County; Walter B. Jones, Judge.

Petition of Central of Georgia Railway Company for writ of mandamus to William P. Cobb, as Secretary of ,State, requiring him to record in his office a contract for conditional sale of railroad rolling stock. From a judgment granting the writ of mandamus, defendant appeals. Reversed and rendered.

Harwell G. Davis, Atty. Gen., for appellant.

The use of the phrase "principal place of business" clearly indicates the purpose of the

lawmakers to require foreign corporations to file contracts of conditional sale of rolling stock in the office of the judge of probate of the county in which their place of business in Alabama is located. Code 1907, §§ 3393, 3648.

Steiner, Crum & Weil, of ' Montgomery, for appellee.

The universal practice in Alabama has been for, foreign corporations to file conditional sales contracts in the office of the secretary of state; and, such being the construction of section 3393 of the Code by the departments and officials whose duty it is to carry the law into effect, it is controlling. 55 Ala. 201; 183 Ala. 575, 63 South. 76.

THOMAS, J. The petition was for mandamus to the secretary of state to direct him to record a contract for conditional sale of railroad equipment of the Central of Georgia Railway Company. The effect of the decision is to obtain a construction of the statutes declaring the proper place for the recordation of such contract for the conditional sale described in the petition.

Without change, section 3393 of the Code of 1907 came to us from the Code of 1886 (section 1821). The genesis of this enactment is General Acts 1884, 1885, pp. 83, 84. The language there employed of recordation of "all contracts for the conditional sale of railroad equipment or rolling stock by the terms of which the vendor retains the title to the property so sold, until payment in full is made therefor, * * * and for the leasing or renting of railroad equipments, or rolling stock, by which it is stipulated, that the rentals received therefor may be applied as purchase money, but that the vendor" retains the title to such property until the purchase money therefor is paid; that the contracts, when attested and proven or acknowledged and filed and recorded, as required by law, shall "have all the privileges and properties both for purposes of evidence and notice, as conveyances of real property"; and for the further purpose of "notice" and identification each separate piece of property shall be plainly and permanently marked as required in the proviso contained in section 4 of the act. The proper place of record of such contracts is thus declared:

"That when * * * filed and recorded in the office of the probate judge of the county in which, at the time of the execution thereof was situated and kept the principal office in this state, of the vendee or lessee, or in the office of the secretary of state, shall operate as notice to all persons of the contents thereof, and of the title to said railroad equipment and rolling stock; provided, that each locomotive, engine, or car, so sold or leased shall have the name of the vendor or lessor, plainly and permanently marked thereon, so as to readily and clearly indicate the ownership thereof."

Thus, under the original act of 1884, it was optional with the vendor or lessor to record the written contracts provided for in sections 1 and 2 of that act, either (1) in the office of the probate judge of the county in which, at the time of the execution of the contract, was situated or kept the principal office in this state of the vendee or lessee, or (2) in the office of the secretary of state.

In codification as section 1821 of the Code of 1886, material change was made in exact language as in section 3393 of the Code of 1907, providing that such contracts may be "recorded in the office of the judge of probate of the county in which such corporation may have its principal office or place of business; and, if it has not in this state, a principal office or place of business, then in the office of the secretary of state; and * * * all cars or engines so sold must have thereon, plainly marked, the name of the vendor." Thus was withdrawn the option theretofore existing of recording either in the office of the probate judge or in the office of the secretary of state. Thereafter due record of such contract of conditional sale was made only when filed for record in the proper office as warranted by the facts of the case, dependent on whether the vendor or lessor "has not in this state a principal office or place of business," at or within the time provided for record of such written contract—"within three months after the making thereof."

To an understanding of the meaning of section 3393 as related to other provisions of statute governing the compliance of statutes for business in this state by foreign corporations, we must consider section 3648 of the Code. Theretofore it was required by law (Acts 1886–1887, p. 102 et seq.; Code 1896, art. 10, p. 445 et seq., enacted under provisions of section 4, art. 14, of the Constitution of 1875) that every foreign corporation, before doing any business in this state, shall file an instrument of writing under the seal of the corporation and signed officially, etc., designating "at least one known place of business [in this state] and an authorized agent or agents therein" [Const. 1875, § 4, art. 14], residing thereat [Code 1896, §§ 1316, 1317]; and that when such corporation shall change "its place of business as designated" in the instrument of writing filed, it "shall substitute another agent or agents for the agent or agents designated in such instrument of writing, such corporation shall file a new instrument of writing as herein provided, before transacting any further business in this state;" the instrument so provided was required to "be filed in the office of the secretary of state," by a corporation engaged in any other business than that of insurance, which latter was required to file its said instrument of writing "in the office of the state auditor." Code 1896, §§ 1316–1324.

The subject was recently dealt with in the act of March 4, 1907, providing that after the 1st day of July of that year a foreign corporation or nonresident corporation, or corporation organized under or by authority of the laws of any other state or government than Alabama, are required to procure a license from the secretary of state, authorizing the doing of business in the state of Alabama, making it unlawful for such corporation to transact business in the state without first having procured the license required (Gen. Acts 1907, p. 290); and by the act of March 7th (p. 422) amending sections 1321, 1322 of the Code of 1896, it was required of foreign corporations that they should not engage in or transact any business in this state without first having paid into the treasury, for the use of the state, the "charter fees" indicated in section 1 of the act; and that such foreign corporation should, at the time of paying such fee into the treasury—

"file in the office of the state auditor an instrument of writing under the seal of the corporation and signed officially by the president or other chief officer and the secretary of such corporation, showing the name of the corporation, and the state or county under whose laws it was incorporated, the amount of the total authorized capital, * * * its principal place of business, the name of the authorized agent of such corporation in this state and the post office address of such authorized agent of such corporation in this state and the location of the principal place of business of such corporation in this state and also a statement showing the actual amount of capital employed in this state by such corporation if such corporation is at the date of the filing of such statement engaged in business in this state, and if such corporation is not at the date of the filing of such statement engaged in business in this state, such statement shall state the actual amount of capital to be employed by such corporation in this state, which statement shall be sworn to," etc. Acts 1907, pp. 422, 424, § 2.

These statutes are codified as article 21, c. 69 of the Code of 1907, p. 472 et seq., of which are sections 3642–3658, providing that "foreign corporations must file instrument of writing designating agent and place of business in this state"; that before engaging in any business the statement shall be filed designating a "known place of business," etc.; that at the time of paying the "franchise tax," provided by section 3647, into the treasury it—

"shall * * * file in the office of the state auditor an instrument of writing under the seal of the corporation and signed officially by the president or other chief officer and the secretary of such corporation, showing the name of the corporation, and the state or county under whose laws it was incorporated, the amount of the total authorized capital of such corporation, the total amount of the actual paid-in capital of such corporation, its principal place of business, the name of the authorized agent of such

corporation in this State, and the postoffice address of such authorized agent of such corporation in this State and the location of the principal place of business of such corporation in this state," etc. Code, § 3648.

It is indicated in this statutory system, created under the provisions of section 232 of the Constitution of 1901, that the legislative intent in the several acts dealing with the subject, and recodification thereof (Codes, 1886, 1896, and 1907), was not to accord the option to a vendor or lessor to record his written contracts of conditional sale of the properties indicated either in the office of the probate judge or in the office of the secretary of state; that it was the intent to withdraw the option first accorded under the Acts of 1884, 1885 (p. 83), and to provide for the recording of such written instruments, and to require recordation of the same, in the office indicated by statute, made dependent upon the determining facts whether or not such foreign corporation has a "principal office or place of business" in a county within the state.

It is shown by the record and bill of exceptions that from time to time the Central of Georgia Railway Company qualified under the foregoing statutes for doing business in the state as a foreign corporation. The evidence of qualifications and circumstances thereof under the several statutes was to the effect that the Central of Georgia Railway Company was incorporated in 1895, receiving its charter from the secretary of state of the state of Georgia; that it has never been incorporated in Alabama and that "its principal office or place of business" is in Savannah, Ga., and that "it has not its principal office or place of business in Alabama," the attorney for the railway company testifying that he prepared the exhibit attached to the answer of the secretary of state, using one of the blanks of the state auditor, which, under the Code of 1907 and the Act of March 7, 1907, requires a foreign corporation to state where its principal place of business in Alabama is, and this blank was used and filed, naming Montgomery as the principal place of business in Alabama, but that, as a matter of fact, Montgomery is not the principal office or place of business of the Central of Georgia Railway Company, "but that its principal office or place of business is where its articles of incorporation designate, which is Savannah, Ga."; that the "known place of business in Alabama" of the Central of Georgia Railway Company "is Montgomery."

The exhibit to the answer of the secretary of state contains, among other things, the name of the corporation; the fact of its incorporation "under the laws of the state of Georgia; that its principal place of business is Savannah, Ga.; that its principal place of business in Alabama is Montgomery; that the name of its authorized agent there-

at is Robert E. Steiner, whose postoffice address is Care of Steiner; Crum & Weil, Montgomery, Ala.;" that the statement was rendered by the president and secretary of said corporation and signed by them respectively, under oath, with the corporate seal attached. The bill of exceptions further recites of the former qualifications of the Central of Georgia Railway Company that the company filed an instrument with the secretary of state on April 18, 1898, "designating Montgomery, Ala., as its known place of business in Alabama," and designated an "authorized agent residing thereat"; that on the 20th day of November, 1907, that company "designated the Vandiver Building in Montgomery, Ala., as the known place of business in this state and named R. E. Steiner as its authorized agent thereat;" and that since the filing of this petition, said company had filed "with the secretary of state an instrument designating Montgomery as its known place of business in Alabama, and named as its authorized agents residing thereat, the Honorable R. E. Steiner, Sr., and the Honorable R. E. Steiner, Jr."

The bill of exceptions further recites that said railway company does business in many other cities and towns than Montgomery in this state, but that no other place in the state of Alabama except Montgomery has been designated as the company's known place of business by compliance of statute; that said railway company has many other agents at different places in Alabama transacting its business, such as station agents and ticket agents, but none of these "have been designated under 3642 of the Code of Alabama of 1907 as an authorized agent of the company."

For the purpose of fixing the place of record of such contract of conditional sale under the facts disclosed by this pleading and proof, appellee's "principal office or place of business" under section 3393 of the Code, is that principal "place of business" designated by it under the provisions of section 3648 of the Code, as being Montgomery, Ala. If it is, as contended by appellee, that, as a foreign corporation, "its principal office or place of business" was not in the state of Alabama, but was at Savannah within the state of Georgia; that its known "place of business" in Alabama at Montgomery was not its "principal office or place of business" in this state, within the recording statute, as affecting the right or provisions of the statute to collect for the payment of the "record or privilege tax exacted of all others" (Crosland, Judge, v. Federal Land Bank [Ala. Sup.] 93 South. 7[1]), and necessary to the provisions of law for notice and evidentiary purpose, the contract should be filed "in the office of the secretary of state." Such is not the view entertained by us.

---

[1] 207 Ala. 456.

It is apparent that the question is one material to the state as well as to petitioner, as affecting the privileges accorded by the statute for due recordation and uniform exaction of the payment of the record or privilege tax exacted by law of all others having such instruments for record; and the situs of the recordation of such conditional contracts, as provided for in and as a part of its system of laws for the record of conveyances and loans under article 4, c. 68, of the Code, is sought to be established by this court by this proceeding. The chapter on Conveyances and Loans in the Code of 1907 embraces other subjects of conditional sales held by other persons than railway corporations, covering contracts of conditional sale (section 3393) and for lease, rent, or hire of personal property, providing that such instruments evidencing such conditional sales, mortgages, etc., be "in writing and recorded in the office of the judge of probate of the county in which the party so obtaining possession of the property resides, and also in the county in which such property is delivered and remains"—to be effective as notice against purchasers, incumbrancers, and judgment creditors, and to operate as self-proving instruments. Code, § 3394.

The state having provided a system for the collection of the record or privilege tax exacted of all for the record of this and other conveyances so filed and recorded in the office of the judge of probate, this court has given uniform application to the same, holding that they apply to the record of instruments securing loans made by the United States Farm Loan Bank. Crosland, Judge, v. Federal Land Bank, supra. No registration fees are provided for the recordation of contracts of conditional sale filed in the office of the secretary of state.

If the construction contended for by appellee be correct, no such contract for the conditional sale of rolling stock, etc., of railroad corporations, that are nonresidents, will be recorded in the office of the judge of probate; and the same would be subject to record without fees when filed in the office of the secretary of state. This view would not harmonize with the provisions for and requirements of uniformity of statutes providing for a record or privilege tax exacted by the state for the recording of such instruments. Why was it not provided by statute that such contracts of such foreign corporations should be recorded in the office of the secretary of the state without condition, as it was in the act of 1884, if such was the legislative intent? Why provide in the alternative that if such corporation has not in this state a principal office or that, if it has not in this state a "place of business," it may record in the office of the secretary of state, if not to meet a contingency in line with conformity of laws as to notice and evidence?

That is to say, if it had a "principal office" or if it had a "place of business" in the state within the meaning of the aforestated provision of the recordation act, the record is required to be in the office of the judge of probate of the county in which such corporation has its principal office or "place of business."

We are of opinion that the same should be recorded in the office of the probate judge of Montgomery county. This conclusion is in harmony with, or gives uniformity of application to, the requirement of the recordation laws under the chapter for Conveyances and Loans found in the Code of 1907, and is in keeping with the system prevailing in the state, providing for the uniform taxation and collection of fees for the privilege of recording such conveyances as provided by law.

The action of the circuit court in overruling demurrers to the petition and in ordering that the writ be issued was laid in error. That judgment is reversed, and a judgment will be here rendered, sustaining demurrer to and dismissing the petition.

Reversed and rendered.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.