LAVERNE P. BUTTS, Respondent, *v.* VALERIO CONSTRUCTION COMPANY and Others, Respondents, Impleaded with HERCULES CEMENT CORPORATION, Appellant.

Third Department, July 1, 1932.

*Hun, Parker & Reilly* [*Michael D. Reilly* and *Earle W. Lawrence* of counsel], for the appellant.

*Phillips & Avery* [*Talbot M. Malcolm* of counsel], for the respondent Hartford Accident and Indemnity Company of Hartford, Conn.

*Lord, Day & Lord* [*Franklin Grady* of counsel], for the respondent The Second National Bank of New Haven, Conn.

HILL, J. The defendant Hercules Cement Corporation furnished materials to the defendant Valerio Construction Company in connection with a road construction contract with the State of New York. A notice of lien was filed and afterwards discharged by an order of the Supreme Court which required that an undertaking be given and filed with the Comptroller of the State of New York, conditioned for the payment of any judgment which might

be recovered in an action to enforce the lien. The defendant Hartford Accident and Indemnity Company of Hartford, Conn., filed an undertaking in the sum of $5,500, conditioned as required by the order. There are other liens and assignments with which we are not concerned. The issues were referred to a referee to hear and determine. He decided that the cement corporation was entitled to a judgment on the contract of sale for $3,893.10, with interest from September 30, 1928, against the Valerio Construction Company, but not for the enforcement of the lien, and dismissed the complaint against the indemnity company as the undertaking applied only to a judgment foreclosing the lien, on the ground that the notice of lien did not comply with that portion of section 12 of the Lien Law which requires that a foreign corporation shall state in the notice of lien " its principal place of business within the State." The referee found that the cement corporation was not doing business within the State of New York as that term is defined in article 13 of the General Corporation Law and section 209 of the Tax Law, and did not maintain an office for the transaction of business within the meaning of section 113 of the Stock Corporation Law, but that a sales office at 441 Lexington avenue, New York city, was a place of business, and that failure to state it in the notice of lien was fatal. The cement corporation has maintained a selling office in this State since about 1917, out of which ten or more salesmen work. Orders are taken by the individual salesmen, reported to the manager, and by him forwarded to the executive offices in Philadelphia, where they are either accepted or refused. No bank account is maintained in the city of New York; the salesmen are paid by checks sent from Philadelphia; none of the executive officers are in the New York office. The cement corporation argues that this sales office is not a " principal place of business within the State " and that the notice of lien is not defective because of the omission to name it as such, and that the statement contained in the lien " that the name of the lienor is ' Hercules Cement Corporation ' whose principal office and place of business is as 1700 Walnut Street, Philadelphia, Pa.," is a sufficient and proper recital as to its principal place of business.

It is unquestioned that the cement corporation was not doing business within the State under the provisions of the Tax and Corporation Laws. No harm could come to any lienor herein or other party in interest by omitting to state the location of the New York sales office, as there was no person there upon whom service of process could be made or with whom negotiations for settlement could be had, yet, if this office is a principal place of business of the corporation within New York State, the omission may not be dis-

regarded, and the provision that the statute "shall be construed liberally does not authorize the courts to entirely dispense with what the statute says the notice shall contain." (*Mahley* v. *German Bank*, 174 N. Y. 499.) The sale of goods within this State by a foreign corporation as an incident to its interstate business is not "doing business in this State," within the purview of the provisions of the Tax Law (§ 181). (*International Fuel & Iron Corp.* v. *Donner Steel Co.*, 242 N. Y. 224.) Section 113 of the Stock Corporation Law (formerly section 33) requires "every foreign stock corporation having an office for the transaction of business in this State" to keep a stock book therein. An office leased by a foreign corporation and used as headquarters for its sales force within the State, under conditions almost identical to the instant case, did not constitute "having an office for the transaction of business in this State" so as to require the keeping of a stock book. (*Hovey* v. *DeLong Hook & Eye Co.*, 211 N. Y. 420.) "When two or more statutes, whenever passed, relate to the same thing or the same class of things or to the same general subject-matter, they are *in pari materia* and are to be construed as forming an unitary system and as one statute. All the statutes relating to the subject of the regulation of the liquor traffic are *in pari materia*." (*People ex rel. Doscher* v. *Sisson*, 222 N. Y. 387, 393.) The above sections of the Lien Law, the Tax Law and the Stock Corporation Law all relate to the regulation of foreign corporations doing interstate business within the State of New York. Acts not amounting to the transaction of business within the State under the Stock Corporation Law should be given the same effect and classification under the Lien Law.

"The term 'office of a corporation' means its principal office within the State, or principal place of business within the State if it has no principal office therein. The term 'business of a corporation,' when used with reference either to a stock corporation or to a non-stock corporation, means the operations for the conduct of which it is incorporated." (Gen. Corp. Law, § 3, subds. 14, 15.) The statute distinguishes between "principal office" and "principal place of business" within the State. "Principal office" applies to an office where the executive officers function and where the corporate records are kept. "Operations for the conduct" of the business for which the corporation was formed are those which have to do with its general business. The direction and management of salesmen covering a limited area is not the general business of the corporation, and the office from which the salesmen are directed is not a principal place of business. There being no principal place of business within the State, the recital of the principal

place outside the State was a sufficient compliance with the provisions of the Lien Law.

The judgment should be reversed on the law and facts, with costs, in so far as it is determined that the notice of lien of the Hercules Cement Corporation was invalid and denied judgment of foreclosure of the lien against Valerio Construction Company and dismissed the complaint against the Hartford Accident and Indemnity Company of Hartford, Conn.; judgment against Valerio Construction Company for the foreclosure of the lien and against the Hartford Accident and Indemnity Company of Hartford, Conn., upon its bond and undertaking given at the time the lien was discharged for the sum of $3,893.10, with interest from September 30, 1928, with costs, should be granted. Judgment foreclosing the lien as against the State of New York shall state the determination that there is no unpaid balance on the contract in the hands of any State official applicable to the satisfaction of the judgment. The court disapproves findings of fact in the decision numbered fifteen and twenty-eight, and makes new findings, that the Hercules Cement Corporation had no principal place of business in the State of New York within the meaning of section 12 of the Lien Law, and never transacted business within such State except as an incident to its interstate business. That the notice of lien filed by the Hercules Cement Corporation is valid.

All concur; McNamee, J., not voting.

Judgment reversed, etc., as directed in opinion.