■ THE PEOPLE OF THE STATE OF NEW YORK, Respondent, v. RICHARD G. HEUSINGER, Appellant.— Order affirmed. Memorandum: The manner of assigning counsel upon arraignment of a defendant pursuant to section 308 of the Code of Criminal Procedure that was followed for many years in Genesee County does not meet with our approval. It appears, however, that such procedure has since been changed so as to comply literally with the section. Upon the record before us the appellant has not shown that the method of assignment of counsel deprived him of the right " to take advantage of every opportunity and defense which was originally available to him ". (*People* v. *Dolac,* 3 A D 2d 351, 354, affd. 3 N Y 2d 945.) All concur. (Appeal from an order of Genesee County Court denying defendant's application to set aside a conviction, excepting that it was held that section 480 of the Criminal Code was violated and the sentence was vacated and defendant was ordered produced for resentence.) Present — McCurn, P. J., Vaughan, Kimball, Williams and Bastow, JJ.

■ In the Matter of EDMUND J. RAPPOLI COMPANY, INCORPORATED, Appellant, against CUPPLES PRODUCT CORPORATION, Respondent.— Order affirmed, with $10 costs and disbursements. Memorandum: Appellant seeks summarily to discharge notice of mechanic's lien filed by respondent as void on its face for failure to comply with subdivision 1 of section 9 of the Lien Law, which requires a foreign corporation lienor to state " its principal place of business within the state ". Motion was denied by the Onondaga County Court upon the authority of *Butts* v. *Valerio Constr. Co.* (236 App. Div. 299, affd. 261 N. Y. 630). The fact situation in the *Butts* case, except for the nature of the commodity sold, is almost identical with the instant case. The only distinction is that no certificate to do business in New York State was filed in the *Butts* case. The test, it seems to us, is not whether a certificate was filed but whether in fact the foreign corporation was doing business within the State of New York and, therefore, had a " principal place of business within the state ". From the record it appears that the respondent was not doing business in New York State and to hold that it nevertheless had a principal place of business at the office of the Corporation Trust Company, which was the address in its certificate, would be an attempt to breathe truth into a fiction. It may well be that when all of the testimony is heard upon the merits of the lien the trial court might determine that the respondent was doing business in New York State. If such should be the case, upon proper motion the lien could then be dismissed and the matter continued as a common-law contract action. Thus all of the questions could be resolved in one trial. The order is affirmed without prejudice to the appellant to make such motions, upon the trial of the issues, as it deems appropriate. All concur. Williams, J., in result. (Appeal from an order of Onondaga County Court denying petitioner's motion to discharge a notice of lien filed by respondent against real property owned by Syracuse University.) Present — McCurn, P. J., Kimball, Williams, Bastow and Goldman, JJ.