Frank S. BLACKFORD, as Trustee in Bankruptcy of Munro-Van Helms Company, a corporation, Plaintiff,

v.

COMMERCIAL CREDIT CORPORATION, a corporation, Defendant and Third Party Plaintiff,

C. F. Erickson et al., Third Party Defendants.

Civ. A. No. 7937.

United States District Court
N. D. Alabama, S. D.

Jan. 7, 1958.

Morris K. Sirote (of Sirote, Permutt, Friend & Friedman), Birmingham, Ala., for plaintiff.

Kenneth Perrine (of Leader, Tenenbaum, Perrine & Swedlaw), Birmingham, Ala., for defendant.

John D. Hill and Lewis K. Cato, Birmingham, Ala., for cross-defendants.

GROOMS, District Judge.

This is an action by the Trustee in Bankruptcy of Munro-Van Helms Company (hereinafter referred to as "bankrupt") to recover from Commercial Credit Corporation (hereinafter referred to as "defendant"), a creditor of the bankrupt, the sum of $109,897.97.

The sum in question represents moneys collected from various account debtors of the bankrupt since the date of bankruptcy. The defendant collected the money pursuant to written assignments to it of these accounts receivable by the bankrupt prior to bankruptcy. For each account so assigned the defendant advanced to the bankrupt, contemporaneously with the assignment and in accordance with the provisions of a master contract previously entered into, 85 per cent of the face amount of the account.[1]

The master contract was entered into in the year 1949 between the bankrupt and Commercial Credit Company, Inc., of Maryland, a wholly owned subsidiary of the defendant. On December 31, 1952, Commercial Credit Company of Maryland, pursuant to a plan of liquidation, was merged into its parent corporation, the defendant, and the master contract was assigned to the defendant, which assignment was consented to by the bankrupt.

This financing arrangement of accounts receivable represented a continuous course of business dealings between the bankrupt, the defendant, and its predecessor subsidiary from 1949 until the filing of a petition by the bankrupt for arrangement under Chapter 11, Section 322, of the Bankruptcy Act, 11 U.S. C.A. § 722 on July 30, 1953. The bankrupt was adjudicated a bankrupt on April 12, 1954.

Upon the filing of the petition for an arrangement, pursuant to an order of the Referee in Bankruptcy against the protest of defendant, the Receiver in Bankruptcy took possession of the assigned accounts and proceeded with the collection of the same. Upon review of the order of the Referee taking summary jurisdiction over the accounts receivable, this Court (Chief Judge Seybourn H. Lynne), on April 22, 1954, judicially determined that the accounts receivable which had been assigned to the defendant were in the possession of the defendant at the time of the filing of the petition, and, therefore, the Referee did not have summary jurisdiction. The Receiver was ordered to turn over to the defendant the assigned accounts receivable and the funds collected thereon.

There is an outstanding principal balance due the defendant of $100,939.49, in addition to which there accrued under the terms of the master contract additional charges and collection expense in the amount of $14,675.50, making the total amount owed the defendant at the time of this hearing $115,614.99.

The Trustee makes claim to the $109,-897.97 pursuant to Section 70, Subsections c and e of the Bankruptcy Act, 11 U.S.C.A. Section 110, Subsections c and e.[2]

1. The obligations of the bankrupt under this contract were guaranteed by Thomas Van Helms, C. F. Erickson and N. Munro. N. Munro has since deceased and Mrs. Ina Mae Munro was duly appointed and qualified as Executrix of the estate of N. Munro, deceased. These parties are third party defendants herein.

2. The action as originally framed claimed additional sums and included numerous claims. The trial of this action on its merits was confined to plaintiff's claim for $109,897.97, grounded in Section 70, subs. c and e of the Bankruptcy Act.

By previous oral ruling of the Court to be confirmed by formal order, the defendant's motion for summary judgment was granted on plaintiff's 15th claim and as to so much of the 16th and other claims which purported to encompass assigned claims which were paid in full more than four months prior to bankruptcy. The Court also ruled against plaintiff as to a recovery based on the reservation of a lien by way of security.

On December 31, 1952, Commercial Credit Corporation, pursuant to the Alabama Assignment of Accounts Receivable Act (Code of Alabama 1940, Title 39, Sections 207–214), filed in the Probate Court of Talladega County, Alabama, the principal place of business of the bankrupt, a statement of assignment of accounts receivable, duly and properly signed by Commercial Credit Corporation, as assignee, and the bankrupt, as assignor.

■ The gravamen of the Trustee's claim is that the statement filed was fatally defective in that it failed to designate a principal place of business of the defendant in Alabama. Section 209 of said Act provides (among other things, as to which there is no controversy here) that such statement shall contain

"a designation of the assignor and assignee, and of the principal place of business of each, within this state, *if any.*" (Emphasis supplied.)

The defendant contends that it had no principal place of business in Alabama within the contemplation of said Act and that in any event the statement as filed complied substantially and sufficiently with the statute.

Commercial accounts receivable financing is an important, distinct, and separate branch of the credit business and constitutes an important segment of our economy. Prior to its merger into the defendant, all commercial accounts receivable financing was handled exclusively by Commercial Credit Company, Inc. of Maryland. The defendant prior to the merger was engaged solely in the business of financing individual consumer purchases, such as appliances, automobiles, etc.

Commercial Credit Company Inc. of Maryland never qualified to do business in the State of Alabama. The defendant qualified to do business in the State of Alabama in January, 1945, and maintained local offices in several cities in the State of Alabama under the administrative control of divisional offices located in Atlanta, Georgia, and New Orleans, Louisiana. Each local office was autonomous and had no connection with or control over any other office located in the state but each operated as an individual unit. After the merger, all commercial accounts receivable financing was handled exclusively by the home office of the defendant in Baltimore, Maryland. The local offices continued to handle exclusively wholesale or floor-planning of automobiles and appliances and individual consumer financing as aforesaid. None of the local offices of the defendant had any knowledge or any connection with the financing of commercial accounts receivable, and, according to the evidence, any inquiry to the local offices in Alabama concerning the same would have been referred to the home office of the defendant in Baltimore, Maryland.

In qualifying to do business in Alabama in the year 1945, the defendant, pursuant to Alabama statutes, designated its known place of business in the State of Alabama as 717–20 First National Bank Building, Montgomery, Alabama, and its authorized agent as Fred S. Ball, Jr., and Richard A. Ball, attorneys, who maintain their law offices at said address. In filing Alabama Franchise Tax Returns and Applications for Corporate Permit for the years 1952 and 1953 upon forms furnished by the State of Alabama, in response to a question appearing upon the form as to its principal place of business in the State of Alabama, the defendant designated Montgomery, Alabama, and specified as its authorized agent there the said Fred S. Ball, Jr., and Richard A. Ball. No corporate business was transacted at the office of said statutory agent on behalf of the defendant.

The Court finds as follows:

1. That the statutory office at Montgomery, Alabama, designated by the defendant did not constitute the principal place of business of the defendant in the State of Alabama within the intent and purview of the Alabama Assignment of Accounts Receivable Act, nor did the defendant have a principal place of business in the State of Alabama within the

intent and purview of that Act. Butts v. Valerio Const. Co., 236 App.Div. 299, 259 N.Y.S. 93.

■ 2. That the statement of assignment of accounts receivable filed by the defendant on December 31, 1952, in the office of the Probate Judge of Talladega County, Alabama, constituted a substantial and sufficient compliance with Section 209 of the Alabama Assignment of Accounts Receivable Act under the facts of this case. Second National Bank of Houston v. Phillips, 5 Cir., 189 F.2d 115; Tezel & Cotter v. Roark, Tex. Civ.App., 301 S.W.2d 179, 180. In the latter case it was urged that the assignment was fatally defective in that *inter alia* it failed to state the assignor's principal office or place of business, as required by the statute.[3] The Court answering this contention said:

"* * * The notice also sufficiently stated the assignor's residence. It omitted the mailing address of the assignor's principal office and place of business, but it contained the address of his residence, which is as much notice as the statute requires. Second National Bank of Houston v. Phillips, 5 Cir., 189 F.2d 115. * * *."

Since the decisions in the cases of Benedict v. Ratner, 268 U.S. 353, 45 S. Ct. 566, 69 L.Ed. 991, and Corn Exchange National Bank & Trust Co., Philadelphia v. Klauder, 318 U.S. 434, 63 S. Ct. 679, 87 L.Ed. 884, numerous states, including Alabama, have enacted statutes to facilitate the handling and financing of accounts receivable. The preamble of the Alabama Act sets forth the purpose of the statute as follows:

"In order to promote trade and commerce by facilitating the sale and pledge of accounts receivable and to eliminate fraud in connection with secret assignments." 1949 Acts of Alabama, page 503 (Act No. 338).

The purpose of such statutes was, in the language of the Ninth Circuit Court of Appeals,

"* * * to protect the assignee against a claim by the trustee while at the same time maintaining the practice of non-notification financing." Costello v. Bank of America Nat. Trust & Savings Ass'n, 246 F.2d 807, 813. See also M. M. Landy, Inc. v. Nicholas, 5 Cir., 221 F.2d 923, 53 A.L.R.2d 1385.

In construing the Texas Assignment of Accounts Receivable Act, hereinabove referred to, the Court of Appeals for the Fifth Circuit, in the case of Second Nat. Bank of Houston v. Phillips, supra [5 Cir., 189 F.2d 118], stated as follows:

"Its purpose is, by giving the name and address of the borrower as well as the lender; to give notice to all persons dealing with it of the fact that the debtor had assigned, or intended to assign, accounts; and to afford persons dealing, or intending to deal, with the borrower, adequate opportunity to find out the facts as to his situation."

■ Since the purpose of the notice in the particulars under consideration is to afford persons dealing with the assignor adequate opportunity to find out the facts concerning the assignor's situation, this purpose is not served by directing such persons to seek information from those who do not possess it, and who, at the most, could only direct them to the original source by supplying them with the very same address set out in the notice. To say nothing of the additional costs involved, the opportunity to find out the facts and the convenience of the inquirer are not advanced by leading him on such circuitous route.

There is no question here as to the place of record. The question of the proper place of record invited the ruling in Cobb v. Central of Georgia Ry. Co., 208 Ala. 134, 93 So. 845.

3. Vernon's Texas Civil Statutes 1948, Title 11A, art. 260–1, § 3.

In view of the decision denying the plaintiff a recovery, the third party complaint should be dismissed (McCall v. Overseas Tankship Corp., 2 Cir., 222 F.2d 441), with leave of defendant to move for reinstatement in the event of a reversal of this cause on appeal.

Judgment be and the same is hereby rendered in favor of the defendant, Commercial Credit Corporation.

The third party complaint be and the same is hereby dismissed.