Thomas C. Chimera, J.
The subject notice of mechanic’s lien discloses the foreign corporation lienor’s address is the State of New Jersey and its principal place of business at the same address.
Originally two motions were made — one by lienee to discharge the notice of record, on the ground that it is void on its face and for other relief; the other, by lienor, for an order directing lienee to furnish a verified statement pursuant to article 3-A of the Lien Law.
By order made and entered March 13,1963, this court granted the first to the extent that the matter lie referred to a Referee to hear and report together with his recommendation, on the question: “ Whether or not the foreign corporation lienor was in fact doing business within the state within the meaning of the law.” Lienee’s motion and the balance of the relief demanded by lienor, were held in abeyance pending the coming in of said Referee’s report.
The learned Referee reports that the “ testimony is clear and undisputed; that the lienor entered upon the performance of the' contract and supplied the material and performed the work necessary to install and affix the brick facing material, in and upon the buildings in the City of New York, owned by the Realty Corporation [lienee] and mentioned.in the agreement * * * The brick face material was brought into the city by the lienor, and the work of properly placing and affixing the material in and upon the buildings, was necessarily performed by the lienor and his employees or agents in this city ” (matter in brackets ours), and goes on to say: “ It is my opinion, that the lienor was in fact, doing business in this state within the meaning of the law.”
Lienee now moves to confirm the Referee’s report and for the relief originally demanded. Lienor continues to oppose and presses for its original d'emands.
• Nothing has been called to my attention from which the conclusion can be reached that this was not a single contract or an isolated piece of business. 1 cannot agree with the learned Referee’s opinion.
*798 The statute (Lien Law, § 9, subd. 1) provides that the “ notice of lien shall state: if a foreign corporation, its principal place of business within the state,” and section 23 cautions a liberal cozistructiozz of the article ‘ ‘ to secure the bezzeficial interests azid purposes thereof. A substantial compliance with its several provisions shall be sufficient for the validity of a lien ’ ’.
11 When two or more statutes, whenever passed, relate to the same thing or the same class of things or to the same general subject-matter, they are in pari materia azzd are to be cozzstrued as forming a uzzitary system azid as ozze statute.” (People ex rel. Doscher v. Sisson, 222 N. Y. 387, 393.)
Sections 210 and 218 of the General Corporation Law (formerly §§ 15, 16-g.) and subdivision 1 of section 9 of the Lien Law (above in part quoted), relate to the subject of foreign corporations doing business in this State and are in pari materia. In construing the General Corporatiozz Law, the Court of Appeals in International Fuel & Iron Corp. v. Donner Steel Co. (242 N. Y. 224, 230) enunciated the following prizzciple: “ To come within this section, the foreign corporation must do more than make a single contract, engage izi an isolated piece of busizzess, or an occasiozzal uzzdertaking; it must maintaizz azzd carz*y ozi busizzess with some cozitinuity of act azzd purpose.”
Havizzg cozzcluded that lienor was not doizzg busizzess izi the State of Hew York within the meazzing of the law, it follozvs that liezior cannot be said to have a principal place of business within the State. The statement of lienor’s out-of-State principal office is sufficient compliance with the Lien Law. (Butts v. Valerio Constr. Co., 236 App. Div. 299, affd. 261 N. Y. 630; Matter of Rappoli Co., 5 A D 2d 758.)
Citing Butts, Jensen, Mechanics Liens (4th ed.) has this to say (§ 181, p. 193): “ If the foreign corporation, filizzg the zzotice as lienor, is not actually ‘ doing business ’ within the State * * * the statement of its out-of-state principal office has beezz held sufficiezzt; the statute is not cozzstrued to require the statement of an address that does zzot exist.”
Matter of Rappoli (supra) was a situation where the lienor had zzo actual office of its own within Hew York, but had filed a certificate of doing busizzess in. this State, in which the office of a corporation representative had been designated as the foreign corporation’s principal office' within the State of Hew York. In its notice of mechanic’s lien, lienor stated its out-of-State principal office and omitted its record principal office within the State. -The Appellate Division, Foizrth Department, sustaining the notice of lien in questiozz, aznong other things said this (p. 758): “ From the record it appears that the respozzdezzt was zzot *799 doing business in New York State and to hold that it nevertheless had 'a principal place of business at the office of the Corporation Trust Company, which was the address in its certificate, would be an attempt to breathe truth into a fiction.”
Accordingly, lienee’s present motion to confirm the Referee’s report and its original motion to discharge the notice of lien of record and for other relief are denied in all respects. Lienor’s motion for an order directing lienee to furnish a verified statement pursuant to article 3-A of the Lien Law is granted in all respects.