Thomas C. Chimera, J.
Lienee [Artcourt Realty Corp.] moves for leave to reargue an application for the discharge of a mechanic’s lien and for other relief. (See decision and order of reference made and entered March 13, 1963, and later decision and opinion of this court made and entered July 1,1963, reported 39 Misc 2d 796.) The latter turned on a finding that lienor, a New Jersey corporation, was not doing business within the State of New York within the meaning of the law and did not maintain a principal place of business within the State as a matter of fact, concluding that the statement of lienor’s out-of-State principal office was sufficient compliance with the Lien Law.
Among other utterances, this court said originally (op., p. 797, supra)-. “ Nothing has been called to my attention from which the conclusion can be reached that this was not a single contract or an isolated piece of business. ’ ’
On this application, movant seeks to supply facts of record not originally reported by the Official Referee, from which it hopes to overturn this court’s conclusion above quoted. Leave to reargue is granted.
An examination of that portion of the record furnished this court by movant discloses that lienor performed in all 11 11 jobs ” within the City of New York; that 4 of these “ jobs ” performed in 1959 and 1960 prior to the subject contract, were in fact performed for corporations other than lienee, but of which lienee’s president was also president. The remaining 7 “jobs” were performed for parties undisclosed. Of these 7, one is said to have been performed in 1961, and two in 1962, with no month or day given. The record is silent as to month, day or year of the remaining 4 “ jobs ”.
What the nature of these “ jobs ” was is not disclosed, but it is fair to conclude that they were brick-facing jobs as well. I find nothing in these facts except a history of occasional undertakings hardly sufficient to establish that ‘ ‘ continuity of act and purpose ” necessary to a finding of “ doing business ” within the meaning of the law. (International Fuel & Iron Corp. v. Donner Steel Co., 242 N. Y. 224, 230.)
Accordingly, upon such reargument, the decision dated July 1, 1963, is adhered to.
*714 With apologies to the Official Referee and to counsel, it must be acknowledged that the order of reference should have addressed itself solely to a finding whether or not the foreign corporation lienor did in fact have a principal place of business within this 'State at the time of the filing of its notice of lien. Moreover, the suggestion that upon a mere finding of “ doing business ”, a foreign corporation would be presumed to have had a “ principal place of business ” here and that failure to state it in its notice would render the notice void on its face, requiring the discharge of the same, was an erroneous interpretation of the holding in Matter of Rappoli Co. v. Cupples Prod. Corp. (5 A D 2d 758).
Neither Rappoli (supra) nor Butts v. Valerio Constr. Co. (236 App. Div. 299, affd. 261 N. Y. 630), relied upon by both litigants, is strictly in point, although the solution to our problem may be found in an analysis of the composite reasoning of those authorities.
Assuming but not deciding that the lienor here could be said to be doing business in this State, within the meaning of the law, we may not interpret those two authorities without considering the possibility of a Linden, N. J., contractor coming to New York City to do occasional cement and brick-facing jobs and not have a principal place of business in the State of New York at all at the time of filing its notice of lien.
It is one thing to say that a New Jersey contractor was doing business, and quite another that he has a principal place of business here!
By statute (Lien Law, § 10), notice of lien may be filed at any time during the progress of the work and the furnishing of the materials, or within four months after the completion of the contract or the final performance of the work, or the final furnishing of the materials, dating from the last item of work performed or materials furnished.
It appears from the face of the subject notice of lien that the job was commenced May 21, 1962; both final performance of the work and final furnishing of the materials occurred on June 12, 1962, and it is not denied that the notice of lien was filed on August 3,1962, well within the period of four months prescribed by the statute (Lien Law, § 10).
The record is barren of any suggestion that lienor did in fact have a principal place of business in the State of New York at any of the times mentioned. Indeed, no one — not even lienee — pretends that this is so. Lienee’s argument that the location at which an occasional job is done is a principal place of business *715 in law, if not in fact, is only another unrealistic attempt to breathe truth into a fiction.
Insofar as the contents of a notice of lien filed by a foreign corporation is concerned, the statute (Lien Law, § 9, subd. 1) is abundantly clear. It requires that such foreign corporation state its actual principal place of business within the State at the time of the execution and filing of its notice of lien. It does not require of a foreign corporation lienor the statement of a fictitious address or of an address that does not actually exist. This is so whether such lienor has or has not previously filed a certificate of “ doing business ” (Rappoli and Butts, supra).
Finally, there is this to be said. If the Legislature intended that a foreign corporation must state the address of a given job long since completed, as its principal place of business within this State, it could have said so.