■ J.C. CONSTRUCTION MANAGEMENT CORP., Respondent, v ROBERT HUNT COMPANY, Appellant. (And a Third-Party Action.) [698 NYS2d 901] —In an action, *inter alia,* to recover damages for breach of contract, the defendant, Robert Hunt Company, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Berler, J.), dated September 25, 1998, as, upon the granting that branch of the motion of the plaintiff, J.C. Construction Management Corp., which was for reargument, in effect, granted that branch of the prior motion which was to strike, as invalid, the notice of mechanic's lien filed by Robert Hunt Company.

Ordered that the order is affirmed insofar as appealed from, without costs or disbursements.

Where, as here, a foreign corporation filing a notice of mechanic's lien has one or more places of business within the State, its failure to recite the address of at least one of those locations on its notice of lien violates the Lien Law § 9 [1] and invalidates the lien (*see, e.g., Matter of Rappoli Co. v Cupples Prod. Corp.,* 5 AD2d 758; *John Roshirt, Inc. v Rosenstock,* 138 Misc 515; *Lincoln Natl. Bank v Peirce Co.,* 98 Misc 325, *affd* 172 NYS2d 904, *affd* 228 NY 359; Lien Law § 9 [1]). Accordingly, the Supreme Court properly struck the notice of mechanic's lien filed by the appellant. O'Brien, J. P., Santucci, Friedmann and Florio, JJ., concur.